IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 3:05-757 (CMC) |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Leon McDowell, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for Reconsideration "or in the alternative, renewed motion for sentence reduction under 18 U.S.C. § 3582(c)(2) . . . ." ECF No. 77 at 1. Defendant seeks to have this court apply to his case a recent decision of the Sixth Circuit Court of Appeals, *United States v. Blewett*, __ F.3d __, 2013 WL 2121945 (6th Cir. May 17, 2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals found that the relief available under the Fair Sentencing Act of 2010 is retroactively applicable to all defendants currently serving federal sentences based upon "crack" cocaine, regardless of when convicted or sentenced.

To the extent this is a properly-filed motion to reduce sentence, this court is bound to apply the law as interpreted by the Supreme Court of the United States and the Fourth Circuit Court of Appeals. Accordingly, the opinion in *Blewett* is not binding on this court. Additionally, in *United States v. Allen*, __ F.3d __, 2013 WL 1777564 (4th Cir. Apr. 26, 2013), the Fourth Circuit Court of Appeals acknowledged that the FSA is applicable to all defendants sentenced *after* the enactment of the FSA. __ F.3d. at __, 2013 WL 1777564 *7.

1

3:05-cr-00757-CMC     Date Filed 06/17/13     Entry Number 78     Page 2 of 2

Defendant's motion to reduce sentence, is **denied**.[1]

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 17, 2013

---

[1] Defendant argues this court should hold this motion in abeyance to await the decision of the Fourth Circuit Court of Appeals in *United States v. Black*, 4th Cir. Docket No. 13-6228. However, if this court were to construe Defendant's motion as a motion for reconsideration of the previously-denied motion for relief under § 3582 (see ECF Nos. 67 (Motion) and 68 (Order denying motion)), this court would be without jurisdiction to consider it. Pursuant to *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . ." Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (2011) (citing *Goodwyn*, 596 F.3d at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir.2011). Accordingly, this court is without jurisdiction to entertain Defendant's motion for relief under § 3582(c)(2).